## A. E. BIENVENU *v.* THE CITIZENS' BANK OF LOUISIANA.

The defendants sold to the plaintiff, without recourse, paper to the amount of $3844, for six dollars. After the sale, it was discovered, that a credit of ten per cent, which had been

BIENVENU
v.
THE CITIZENS'
BANK.

paid, was not endorsed on the notes. The plaintiff brought an action against the bank for that ten per cent. *Held:* That the only actions which the plaintiff could bring, was one for a rescission of the sale, or one for a diminution of the price; but as he had brought an action in affirmance of the sale, judgment was properly entered against him.

APPEAL from the Second District Court of New Orleans, *Lea,* J. *A. Robert,* for plaintiff. *A. Pitot,* for defendants. The judgment of the court was pronounced by

ROST, J. At a public sale of worthless paper, made for account of the Citizens' Bank, without recourse, the plaintiff purchased a judgment on five promissory notes, amounting together to the sum of $3844, for six dollars and twenty-five cents. He has since ascertained, that one of the parties to the notes had made a surrender of his property; and that, before the sale, the Citizens' Bank had received a dividend of ten per cent, which was not credited on the judgment.

This action is brought to recover the amount thus received, on the ground, that the plaintiff, having purchased the notes for what they were worth on their face, and his vendors being bound to make them good for that amount, the payment made should inure to his benefit.

*P. K. Barnes* subsequently intervened in the suit, making a similar claim, for an error of the same kind, in a credit purchased by him at the public sale.

The district court gave judgment against the plaintiff, and dismissed the intervention, reserving the right of the parties to sue for a rescission of the sale. The plaintiff, alone, has appealed.

There is no doubt of the plaintiff's right to claim a rescission of the contract, on the ground of error; but he does not pray for it. He sues, in affirmance of the sale; and the only question is, whether the dividend received by the Citizens' Bank should inure to his benefit?

No fraud being alleged against the defendants in the sale to the plaintiff, one-tenth of the judgment sold must be considered as having been extinguished by payment. This extinguished portion of the debt could not be revived by a subsequent sale; and the case stands, in fact, as if the plaintiff had suffered an eviction to that extent. Had the plaintiff been evicted from the entire claim, as the sale was made "without recourse," his only remedy against the bank would be for the restitution of the price. Having suffered eviction to the amount of one-tenth, his only claim, as he affirms the sale, is to be refunded one-tenth of the price paid. But such is not the object of his action; and if it was, the amount would be far below our jurisdiction. The dividend claimed can, upon no legal principle, inure to his benefit. As he has elected to affirm the sale, the court should, perhaps, not have reserved his right to sue for a rescission of it; but there being no prayer for any change in the judgment, it must be affirmed.

The judgment is therefore affirmed, with costs.